```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

JOHN DOE,

           Plaintiff,

vs.                          Case No.   2:05-cv-142-FtM-99DNF

KARL G. FAERBER, as Personal Representative of The Estate of Nelson A. Faerber, Jr., CATHERINE C. FAERBER, SCHOOL BOARD OF COLLIER COUNTY, FLORIDA, FAERBER & CLIFF, FAERBER, HISSAM, CLIFF & PEREZ-BENITOA, ROSS, LANIER, DEIFIK & CLIFF, P.A. formerly known as Faerber, Lanier, Deifik, Cliff & Ross, P.A.,

           Defendants.

_____

## OPINION AND ORDER

     This matter comes before the Court on various motions to dismiss filed by all defendants. (Doc. #93, 94, 104, 108.) Plaintiff filed a response to each of the motions. (Docs. #96, 103, 104, 109.) Defendant School Board of Collier County also filed a request for oral argument. (Doc. #95.) Finding that the parties have fully briefed the issues, the Court concludes that oral argument is not necessary.

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536

U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**II.**

In the Second Amended Complaint, plaintiff alleges that in or about 1997 he was approximately twelve years old and attended the Pine Ridge Middle School in Collier County. At that time, Nelson A. Faerber, Jr. ("Faerber") was a member of the defendant School Board of Collier County (the "School Board") and a prominent attorney in the community. The Second Amended Complaint alleges that Faerber sexually assaulted plaintiff on numerous occasions and

in numerous locations between 1997 and 2003. Faerber repeatedly removed plaintiff from school premises during the school day for this purpose. Plaintiff claims that the sexual assaults took place at Faerber's home, law office, and other locations. Nine counts are alleged in the Second Amended Complaint: (1) A sexual assault claim against the Faerber estate[1] (Count I); (2) two 42 U.S.C. § 1983 claims against the School Board (Counts II and III); (3) a 20 U.S.C. § 1681 (Title IX) claim against the School Board (Count IV); (4) a breach of fiduciary or special duty claim against Catherine Faerber (Mrs. Faerber), Faerber's wife, (Count V); (5) a negligence claim against Mrs. Faerber (Count VI); (6) a negligence claim against Faerber's former law firms[2] (the "Law Firms") (Counts VII and VIII); and (7) a negligence claim against the School Board (Count IX).

### III.

**A. School Board's Motion to Dismiss (Doc. #93)**

The School Board contends that the Second Amended Complaint fails to state a claim in any of the counts relating to it. For the reasons set forth below, the Court disagrees.

---

[1] Faerber died before plaintiff filed the original complaint, consequently plaintiff named Karl G. Faerber, in his capacity as the personal representative of the Estate of Nelson A. Faerber, Jr., as a defendant in the instant action.

[2] The former law firms named as defendants are (1) Faerber and Cliff; and (2) Faerber, Hissam, Cliff & Perez-Benitoa.

**(1)  Counts II and III (Section 1983):**

Plaintiff alleges that the School Board is liable for the sexual assaults by Faerber.  Plaintiff asserts, pursuant to 42 U.S.C. § 1983, that his constitutional right to bodily integrity was violated as the result of the School Board's policies, practices, and customs of enabling and fostering sex abuse and of implementing deficient training practices.  (Doc. #92, pp. 8-11.)

The School Board contends that plaintiff's "allegations fall well short of alleging that a policy, practice and custom of enabling and fostering sex abuse was settled, permanent, persistent or widespread."  (Doc. #93, p. 7 (internal quotation marks omitted).)  The School Board further claims that plaintiff's "vague allegation that School Board failed to properly train its employees does not identify an official policy or custom . . . which caused the alleged constitutional violation."  (Id. at 7-8.)

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To establish a claim under 42 U.S.C. § 1983, plaintiff must allege and ultimately prove that (1) defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir.), reh'g and reh'g en banc denied, 277 F.3d 1381 (11th Cir. 2001).  In addition,

plaintiff must allege and establish an affirmative causal connection between the defendants' conduct and the constitutional deprivation. Troupe v. Sarasota County, Florida, 419 F.3d 1160, 1165 (11th Cir. 2005); Marsh, 268 F.3d at 1059.

Under § 1983, governmental entities may not be held liable under a theory of *respondeat superior*, but instead may only be held liable for the execution of a governmental policy or custom. Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003)(citing Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978)).  Plaintiff must identify the municipal policy or custom which caused his injury, Davis v. DeKalb County School Dist., 233 F.3d 1367, 1375 (11th Cir. 2000), and must allege that the policy or custom was the moving force of the constitutional violation. Cuesta v. School Bd. of Miami-Dade County, Fla., 285 F.3d 962, 967 (11th Cir. 2002). See also Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005)(quoting Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997)).  "Even in the absence of an express policy or custom, a local government body can be held liable 'for a single act or decision of a municipal official with final policymaking

authority in the area of the act or decision.'" Cuesta v. School Bd. of Miami-Dade County, Fla., 285 F.3d 962, 968 (11th Cir. 2002)(quoting McMillian v. Johnson, 88 F.3d 1573, 1577 (11th Cir. 1996)).

Additionally, there are "limited circumstances" in which a failure to train or supervise can be the basis for liability under § 1983. See City of Canton v. Harris, 489 U.S. 378, 387 (1989). These "limited circumstances" occur only where (1) the government entity inadequately trains or supervises its employees, (2) this failure to adequately train or supervise is the policy of the government entity, and (3) the policy causes its employees to violate a citizen's constitutional rights. Id. at 389-91; see also Gold, 151 F.3d at 1350; Kerr v. City of West Palm Beach, 875 F.2d 1546, 1555 (11th Cir. 1989).

Applying these principles, the Court finds that plaintiff has sufficiently stated § 1983 claims against the School Board. The Second Amended Complaint alleges that the School Board "had a longstanding practice and custom to avoid and ignore complaints and incidents of sexual abuse of children, particularly when such abuse is perpetrated with power and influence in the School Board[,]" (Doc. #92, ¶ 39); that "[t]his policy, practice and custom fostered an environment which facilitated and enabled sexual abuse of students through the removal of students from school during the school day when they should have been within the safety of the school premises[,]" (id., ¶ 43); and that "[t]he Members of the

-6-

School Board and the Superintendent were the final policy makers for the School Board's policy, practice and custom to take no action to protect students in the school system from sexual abuse[,]" (id., ¶ 44).  The Second Amended Complaint further alleges that "[t]he School Board failed to adequately train its personnel in the prevention of sexual abuse, identification of potential sex abusers, or investigation and inquiry of persons who wish to remove a student from the classroom[,]" (id. ¶ 49); that the inadequate training practices was the School Board's policy, (id. ¶ 41(a)); and that plaintiff was repeatedly sexually abused as a result of the School Board's policy, practice, and custom (id., ¶ 45), and consequently plaintiff suffered damages (id.).  These allegations, coupled with the factual allegations in the Second Amended Complaint (¶¶ 8-25, 28-30), are sufficient at the pleading stage.  Viewing these allegations as true, as it must at this stage of the proceedings, the Court concludes that plaintiff's § 1983 claims are sufficient.  Therefore, the School Board's Motion to Dismiss as to Counts II and III is denied.³

**(2) Count IV (20 U.S.C. § 1681):**

Plaintiff claims that the School Board is also liable for Faerber's conduct under 20 U.S.C. § 1681 (Title IX).  Title IX

---

³The § 1983 claims allege a violation of a constitutional right "not to be sexually abused during the school day while in the care of the School Board" and to "bodily integrity" without identifying the source within the U.S. Constitution for such a right.  Defendant has not raised an objection to this omission, which can be cured as the proceedings progress.

provides in pertinent part: "No person . . . shall, on the basis of sex, . . . be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The Supreme Court has held that Title IX created an implied private right of action for money damages in cases of intentional sexual discrimination. <u>Franklin v. Gwinnett County Pub. Sch.</u>, 503 U.S. 60, 75 (1992). In order to establish such a cause of action, plaintiff must prove that "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's program and fails adequately to respond" and that "the response must amount to deliberate indifference to discrimination" for liability to attach. <u>Gebser v. Lago Vista Indep. Sch. Dist.</u>, 524 U.S. 274, 290 (1998). The Eleventh Circuit has held that a cause of action against a school district for the discriminatory acts of its employees upon a student requires two things: (1) A school district official with the authority to take corrective action had actual notice of the misconduct; and (2) the official with such notice was deliberately indifferent to the misconduct. <u>Sauls v. Pierce County School Dist.</u>, 399 F.3d 1279, 1284 (11th Cir. 2005).

The School Board argues that plaintiff fails to state a claim under Title IX because: (1) the Second Amended Complaint lacks any allegation of actual notice to an official who "had authority to address the alleged discrimination and to institute corrective

measures[,]" (Doc. #93, p. 9); and (2) "the School Board's alleged inaction in response to a report of an isolated incident which occurred years earlier did not exhibit deliberate indifference to a substantial danger to impose liability under Title IX[,]" (id. at 14).  For the reasons set forth below, the Court finds that Count IV is sufficiently plead to survive a motion to dismiss.

The Court finds that plaintiff has sufficiently alleged that a school official who had the authority to take corrective measures had actual notice of Faerber's alleged harassing conduct.  The Second Amended Complaint alleges that the School Board and the Superintendent had actual notice of Faerber's prior misconduct on a student, (Doc. #92, ¶¶ 17, 25, 59-60); that "[t]he School Board had the authority and ability to address the allegations of sexual abuse against [Faerber] and institute a remedial and corrective measure to protect children under its care and authority from [Faerber][,]" (id., ¶ 61); that "[t]he School Board acted with deliberate indifference in failing to take any action against [Faerber] or to protect its students[,]" (id. ¶ 63); that Faerber repeatedly removed plaintiff from his classroom during the school day throughout middle school and high school for the purpose of sexually abusing plaintiff (Id. ¶¶ 23-24); and that teachers and staff at the high schools allowed Faerber to remove plaintiff from the school premises during the school day without reason or excuse (id. ¶ 28).  Whatever may be the Florida law regarding a member of a School Board exercising his or her official duties, the Court is

unconvinced by the School Board's argument that no one but the Governor possessed the authority to stop Faerber from taking plaintiff out of school during the day and sexually assaulting him. The Court finds that under the applicable federal notice pleading requirements summarized above, it cannot be said that there is no set of facts which would establish a Title IX claim. E.g., Williams v. Bd. of Regents of the Univ. System of Ge., 441 F.3d 1287 (11th Cir. 2006). Therefore, the School Board's Motion to Dismiss as to Count IV is denied.

   **(3)   Count IX (Negligence):**

The Second Amended Complaint also alleges a negligence claim against the School Board. Specifically, plaintiff asserts that the School Board breached its duty to protect plaintiff and its duty to reasonably supervise Faerber's activities and investigate and evaluate his background, character and fitness. The School Board contends that it has no duty to supervise Faerber, and consequently the negligence claim should be dismissed.

Under Florida law, it is well settled that to state a claim for negligence a plaintiff must allege the existence of a duty, breach of that duty, causation, and damages. Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182 (Fla. 2003); Horton v. Freeman, 917 So. 2d 1064, 1066 (Fla. 4th DCA 2006); Superior Garlic Int'l v. E & A Corp., 913 So. 2d 645, 648 (Fla. 3d DCA 2005). "The principle of 'duty' is linked to the concept of foreseeability and may arise from four general sources: (1) legislative enactments or

administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." Goldberg v. Fla. Power & Light Co., 899 So. 2d 1105, 1110 (Fla. 2005)(quoting Clay Elec. Co-op., Inc., 873 So. 2d at 1185); see also McCain v. Fla. Power Corp., 593 So. 2d 500, 503 n.2 (Fla. 1992).

It is clear that Florida schools have a duty to supervise students who are entrusted in their care. Wyke v. Polk County School Bd., 129 F.3d 560, 571 (11th Cir. 1997)("Florida schools have a duty to supervise students placed within their care.")(citing Rupp v. Bryant, 417 So. 2d 658, 666 (Fla. 1982). Moreover, Florida schools also have a duty arising from a special relationship with minor students. See Gross v. Family Serv. Agency, Inc., 716 So. 2d 337, 339 n.4 (Fla. 4th DCA 1998), aff'd sub nom. Nova Southeastern Univ., Inc. v. Gross, 758 So. 2d 86 (Fla. 2000). These duties, which are not disputed in the motion to dismiss, would alone establish a sufficiently pled negligence claim. While it may be arguable that there is no general supervision duty as to an elected member of a school board, defendant has not cited any case which would limit the School Board's authority to supervise and control who removes children from school during the school day. Given the allegations in the Second Amended Complaint, the School Board's argument under FLA. STAT. § 768.28 cannot be upheld on a motion to dismiss, if at all. Doe v. Escambia County School Bd., 599 So. 2d 226, 227-28 (Fla. 1st

DCA 1992). The School Board's Motion to Dismiss Count IX is denied.

**B.  Catherine Faerber's Motion to Dismiss (Doc. #104)**

The Second Amended Complaint alleges negligence claims against Mrs. Faerber based on two theories. First, Count V asserts that Mrs. Faerber owed plaintiff a duty of care arising from a special relationship or a fiduciary relationship created by virtue of the fact that plaintiff had come into her home, she was married to Faerber, and she had close personal ties with plaintiff and his family. Second, Count VI asserts that Mrs. Faerber owed plaintiff a duty of care arising from his status as a child social guest in her home. In each count, plaintiff alleges that Mrs. Faerber knew or should have known her husband was a pedophile, knew or should have known that plaintiff would be sexually molested by her husband while a guest in her home, and breached her duty of care when she failed to warn plaintiff and his parents of Faerber's pedophilia and otherwise prevent Faerber from sexually abusing plaintiff. Mrs. Faerber contends that neither duty of care exists and consequently her motion to dismiss should be granted.

**(1) Count V (Fiduciary Relationship):**

Mrs. Faerber argues that the negligence claim fails because there is no fiduciary or special relationship with plaintiff created simply because plaintiff had come into her home, she was married to Faerber, and she had close personal ties with plaintiff

and his family. Since that fact that plaintiff had come into her home is the basis of liability asserted in Count VI, it will not be considered as a component of Count V.

The general rule in Florida is that a person has no legal duty to prevent the misconduct of a third person. K.M. v. Publix Super Markets, Inc., 895 So. 2d 1114, 1117 (Fla. 4th DCA 2005). An exception to the general rule of non-liability for third-party misconduct has been recognized where a special relationship exists which gives rise to a duty to control the conduct of a third person so as to prevent them from harming others. Id. Those special relationships include (1) employer-employee; (2) landlord-tenant; (3) landowner-invitee; and (4) school-minor student. Id. at 1118 n.3. In the absence of an exception such as a special relationship, the fact that a person realizes or should realize that action on her part is necessary for another's aid or protection does not itself impose a duty to take such action. Id. at 1119.

In this case, the Court finds that no fiduciary or special relationship existed between Mrs. Faerber and plaintiff under the circumstances set forth in Count V. Plaintiff's reliance on Tout v. Hartford Accident & Indem. Co., 390 So. 2d 155 (Fla. 3d DCA 1980), for the proposition that Florida courts recognize marriage as a "special relationship" is misplaced. In Tout, the Court held that Mr. Tout had no legal duty to manage or superintend his wife's preparation of the evening meal, and therefore was not liable for

his wife's negligence.  This is not the issue in this case.  The Motion to Dismiss as to Count V is granted.

**(2)  Count VI (Landowner/Invitee):**

Plaintiff also brings a negligence count based on the theory that Mrs. Faerber breached her duty of care arising from the relationship between the parties as landowner/invitee.  The Court finds that plaintiff sufficiently plead a negligence claim in Count VI under a premises liability theory.  First, plaintiff adequately plead a duty arising out of a recognized relationship between Mrs. Faerber and plaintiff. The Second Amended Complaint alleges that Mrs. Faerber owed a duty to plaintiff as a "child social guest in her home to exercise reasonable care under the circumstances to protect his safety and well being."  (Doc. #92, p. 14, ¶ 76.) Second, the pleading further alleges that Mrs. Faerber "breached her duty to JOHN by failing to exercise reasonable care in protecting his safety and well being while he was a guest in her home." (Id., ¶ 78.)  Third, plaintiff's damages allegedly resulted from Mrs. Faerber's breach of duty.  (Id., ¶ 79.)  Viewing the allegations as true, the Court finds that plaintiff adequately stated a claim, and therefore Mrs. Faerber's Motion to Dismiss Count VI is denied.

**C.  Karl Faerber's Motion to Dismiss (Doc. #94)**

The Second Amended Complaint alleges the following claims against Faerber's estate: (1) sexual assault (Count I); (2)

negligence – special relationship (Count VII); and (3) negligence – premises liability (Count VIII). In defendant Karl Faerber's Motion to Dismiss, he requests that the Court decline to exercise supplemental jurisdiction over the state law claims against Faerber.

"Under 28 U.S.C. § 1367(a), a district court that has original jurisdiction in a civil action 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee, 177 F.3d 1212, 1223 (11th Cir. 1999). In other words, a district court has the power to exercise supplemental jurisdiction over all claims that "arise out of a common nucleus of operative fact with a substantial federal claim." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997). A district court, however, may decline supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). "Depending on a host of factors, then–including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims–district

-15-

courts may decline to exercise jurisdiction over supplemental state law claims." Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1185 (11th Cir. 2003)(quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997))(internal quotation marks omitted).

Karl Faerber argues that the federal claims against the School Board and the state claims against Faerber do not share a common nucleus of operative facts, and asserts that the litigation of the federal and state claims in one action would be prejudicial to Faerber. (Doc. #94, pp. 1-4.) The Court disagrees. The Court easily finds that Faerber's alleged misconduct is the crucial part of the activity that gave rise to the federal claims, and that the state law claims against Faerber are a part of the same case or controversy as the plaintiff's § 1983 and Title IX claims against the School Board. The Court will therefore exercise its discretion and will hear the state claims against the estate of Faerber.

The Court also rejects Karl Faerber's argument that the Court should decline to exercise supplemental jurisdiction over the state claims because litigation of the entire case would be prejudicial to Faerber. Karl Faerber is concerned with the introduction of evidence that may be prejudicial to Faerber. The exclusion of prejudicial evidence may be raised at another stage of the proceeding such as in a motion *in limine* or at trial, not in a 12(b)(6) motion.

Karl Faerber alternatively moves for a more definite statement. As stated previously, to satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. The Court finds that plaintiff satisfies the pleading requirement, and therefore, the Motion for More Definite Statement is due to be denied.

**D. The Law Firms' Motion to Dismiss (Doc. #108)**

The Second Amended Complaint also alleges the following claims against Faerber's former law firms: (1) negligence based on a duty arising from employer/employee relationship; and (2) negligence based on a duty arising from landowner/invitee relationship.

The Law Firms contend that these claims are moot because the entities no longer exist. Additionally, Faerber is dead, and therefore the alleged sexual misconduct cannot be repeated. Consequently, the Law Firms argue, the Court should dismiss the claims on these grounds. The Court disagrees. Plaintiff seeks money damages, not equitable relief. Under Florida law, partners remain jointly and severally liable for partnership liability, notwithstanding dissolution and division of property. See FLA. STAT. § 620.8806; see also In re David, 54 F.2d 140, 141 (D.C. Fla. 1931).

The Law Firms alternatively argue that they owed no duty to plaintiff, and in the absence of a duty, plaintiff fails to state a claim under either negligence count. The Court disagrees. The

-17-

Second Amended Complaint alleges that the Law Firms breached their duty arising out of (1) an employer/employee relationship, and/or (2) a landowner/invitee relationship. The pleading further alleges that Faerber sexually assaulted plaintiff at the Law Firm offices, and that plaintiff had been an employee of the Law Firms. The Second Amended Complaint continues: the Law Firms "had a duty to exercise reasonable care to protect [plaintiff] from reasonably foreseeable harm to his safety and welfare in the offices of the Law Firms, (Doc. #92, p. 16, ¶ 90), the Law Firms "knew or had reason to know that Nelson was a danger and risk to the safety and welfare of minor boys[,]" (id., ¶ 89), and the Law Firms breached their duty, (id., ¶ 91). As a result of their breach, plaintiff suffered damages. (Id., ¶ 92.) Taking these allegations as true, the Court finds that plaintiff sufficiently stated a negligence claim in both counts, and therefore finds that the Law Firms' Motion to Dismiss as to Counts VII and VIII is denied.

Accordingly, it is now

**ORDERED:**

1. Defendant School Board of Collier County, Florida's [Dispositive] Motion to Dismiss Counts II, III and IV of the Second Amended Complaint (Doc. #93) is **DENIED**. Defendant's request for oral argument (Doc. #95) is **DENIED.**

2. Defendant Catherine C. Faerber's Motion to Dismiss Second Amended Complaint (Doc. #104) is **GRANTED as to Count V, and is otherwise DENIED.**

3. Defendant Karl G. Faerber, as Personal Representative of the Estate of Nelson A. Faerber, Jr.'s Motion to Dismiss (Doc. #94) is **DENIED.**

4. Defendants' Faerber, Hissam, Cliff & Perez-Benitoa and Faerber & Cliff Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #108) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record